IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:02CR312 |
| v. | |
| FROYLAN CEBALLOS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 257. The defendant seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Under 18 U.S.C. § 924(e)(2)(B) (the residual clause). In *Johnson*, the Supreme Court invalidated a clause of the Armed Career Criminal Act of 1984 ("ACCA")[1] that defined "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another" as unconstitutionally vague in violation of due process of law. *Id.* at 2557.

The court has reviewed the record and finds *Johnson* has no application to this case. The defendant was charged with and convicted of conspiracy to distribute 500 grams or more of mixture or substance containing a detectable amount of methamphetamine. See Filing No. 170, Judgment. The record reflects that Ceballos's sentence was not enhanced under the ACCA, nor did he receive a career offender enhancement under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1. Filing No. 167, Presentence Investigation Report (sealed). His sentence was based on a plea agreement and drug quantity. *See id.* at 3-4, 8. Accordingly,

---

[1] Under the ACCA, a defendant convicted of being a felon in possession of a firearm faced a mandatory minimum sentence of fifteen years if he had three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B).

IT IS HEREBY ORDERED that

1. The defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied.

2. A judgment in conformity with this Memorandum and Order will issue this date.

DATED this 26th day of May, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge